UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILIP ROGERS, CAROL MARIN, ALISON FLOWERS, ROBIN AMER, LINDSEY DORCUS, YOHANCE LACOUR, AND VICTORIA NASSIF, each individually and on behalf of all other similarly situated,

Plaintiffs,

v.

NVIDIA CORPORATION, a Delaware Corporation,

Defendant.

No. 26 C 05478

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Plaintiffs bring a putative class action alleging that NVIDIA Corporation ("NVIDIA") used their voices to train AI products without their consent in violation of the Illinois Biometric Information Privacy Act ("BIPA") 740 ILCS 14/15, Illinois Right of Publicity Act ("IRPA") 765 ILCS 1075/1 et seq., Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") 815 ILCS 505/1 et seq., Illinois Uniform Deceptive Trade Practices Act ("UDTPA") 815 ILCS 510/1 et seq., and Illinois common law unjust enrichment. R. 1. NVIDIA moves to stay discovery pursuant to Federal Rule of Civil Procedure 26(c) pending resolution of its motion to dismiss. R. 32. For the following reasons, that motion is granted.

**Analysis**

The filing of a motion to dismiss does not automatically stay discovery. *See SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1998). But the

Court has broad discretion in managing discovery. *See* Fed. R. Civ. P. 26; *James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013). In determining whether to grant a stay, "the court may consider the following factors: (1) 'whether a stay will unduly prejudice or tactically disadvantage the non-moving party,' (2) 'whether a stay will simplify the issues in question and streamline the trial,' and (3) 'whether a stay will reduce the burden of litigation on the parties and on the court.'" *Sadler v. Retail Properties*, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013) (collecting cases). A stay is often appropriate where "the motion to dismiss can resolve a threshold issue . . . or where . . . discovery may be especially burdensome and costly to the parties." *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008).

The Court finds that all three factors support staying discovery pending a decision on NVIDIA's motion to dismiss. Discovery in this case involving nine claims and eight AI models will undoubtedly be extraordinarily costly, complex, and burdensome. And without taking any position as to the merits of NVIDIA's arguments for dismissal, a ruling in its favor—in whole or in part—could greatly affect the cost and scope of discovery taken. *See Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 WL 704780, at *2 (N.D. Ill. Mar. 9, 2022) ("Given the burden, time, and expense often associated with responding to discovery in a putative class action, courts regularly stay discovery pending a ruling on a motion to dismiss."). Granting the stay will conserve party and Court resources and cause no undue prejudice to

Plaintiffs. Indeed, Plaintiffs acknowledge that the majority of discovery in this case can be stayed. R. 38 at p. 3.

Because Plaintiffs concede that the full scope of discovery in this case will be vast and necessarily burdensome on NVIDIA, they narrow their present scope to two requests: (1) documents sufficient to identify each accused AI Model's training datasets and dataset versions, and (2) documents describing the fields NVIDIA maintains in its training data manifests. *Id.* Plaintiffs further propose a Rule 26(f) conference attended by technical representatives; initial disclosures; a discovery plan; a preservation conference; and negotiations over confidentiality, Rule 502(d), ESI, and inspection protocols. *Id.* at p. 9.

NVIDIA asserts that these requests remain burdensome—NVIDIA would be required to comb through multiple systems, investigate repositories, interview numerous personnel, and redact confidential technical information—and are likely to lead to premature disputes before a ruling on its motion has the potential to narrow or better define discovery. R. 39 at pp. 8–9. This burden could be outweighed by Plaintiffs establishing an urgent need for such documents, but Plaintiffs have not done so. On the contrary, Plaintiffs admit that they "do not need discovery to oppose the motion to dismiss, and they do not seek it for that purpose." R. 38 at p. 5.

Plaintiffs attribute their urgency to a desire to preserve discovery and prevent distribution of their biometric data. But NVIDIA acknowledges its preservation obligations and confirms it is taking affirmative steps to preserve all relevant materials. R. 33 at p. 4. And Plaintiffs "do not contend that NVIDIA has excluded []

records or that evidence has been lost." R. 38 at pp. 7–8. A stay is not unduly prejudicial where the moving party is preserving evidence during the stay. *See Sadler*, 2013 WL 12333447 at *1. Plaintiffs may file a preservation order if they remain concerned that NVIDIA must take additional steps to preserve discovery.

Further, if continued dissemination of NVIDIA's AI models were truly an urgent concern, Plaintiffs could have sought emergency relief. They did not. This belies Plaintiffs' argument that a stay would be prejudicial by failing to stop dissemination. *See Calderon v. Procter & Gamble Co.*, 2022 WL 20742696, at *1 (N.D. Ill. Oct. 6, 2022) ("[P]laintiff also does not seek a preliminary injunction against Defendant, further demonstrating that a delay at this stage would not significantly prejudice Plaintiff."); *see also DSM Desotech*, 2008 WL 4812440 at *3 ("Absent circumstances presenting a compelling need for prompt discovery—as there might be if, for example, provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness—the court finds that the principles underlying *Twombly* counsel in favor of granting defendants' motion to stay."). Because no evidence is reasonably at risk pending a stay and there is no urgent need for discovery, a stay will not impose undue prejudice on Plaintiffs. Granting the stay will potentially streamline the issues and reduce the burden on the parties until the Court rules on the motions to dismiss, which the Court will attempt to do expeditiously.

**Conclusion**

For the foregoing reasons, the Court grants NVIDIA's motion to stay discovery.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: September 24, 2026